35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re 5000 SKELLY CORPORATION, Debtor.
FIGGIE ACCEPTANCE CORPORATION, Appellant,
v.
ABATEMENT SYSTEMS, INC., Appellee.
 No. 93-5178.
 United States Court of Appeals, Tenth Circuit.
 Aug. 29, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 LUNGSTRUM, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Figgie Acceptance Corporation appeals from an order of the bankruptcy court that subordinated its mortgage to the lien of appellee Abatement Systems, Inc. in the underlying bankruptcy. The district court affirmed. We exercise jurisdiction under 28 U.S.C. Sec. 158(d), and affirm.
 
 
 6
 The bankruptcy court held that under either state common law principles of equitable estoppel or the doctrine of equitable subordination under the Bankruptcy Code, appellant's claim should be subordinated to that of appellee. Appellant raises two arguments on appeal: (1) state common law principles of equitable estoppel cannot apply, as they are preempted by a provision of the Bankruptcy Code, 11 U.S.C. Sec. 510(c)(1), providing for equitable subordination; and (2) the district court erred in its application of the doctrine of equitable subordination under the Bankruptcy Code.
 
 
 7
 Appellant is required to point out where in the record on appeal the issues were raised and ruled on in the court below. 10th Cir.R. 28.2(c). Appellant cites to the district court opinion to indicate that it raised its "preemption" argument in that court. Appellant's Br. at 1. Nowhere in the district court opinion, however, did that court discuss or even acknowledge the issue. If appellant raised the issue in its district court brief, it nevertheless failed to include that brief in the record on appeal. This court does not usually address issues that are raised for the first time on appeal. Tele-Communications, Inc. v. Commissioner, 12 F.3d 1005, 1007 (10th Cir.1993). "Exceptions to the general rule ... are 'generally limited to cases where the jurisdiction of a court to hear a case is questioned sovereign immunity is raised, or when the appellate court feels it must resolve a question of law to prevent a miscarriage of justice.' " Id. (quoting Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991)). Appellant has made no argument for such an exception in this case and, after reviewing the record, we find no basis for one. Appellant's preemption issue is therefore deemed waived.
 
 
 8
 We may affirm the district court on any basis that is supported by the record. Schweiker v. Hogan, 457 U.S. 569, 585 n. 24 (1982). It is therefore unnecessary for us to reach appellant's challenge to the district court's application of the doctrine of equitable subordination under the Bankruptcy Code.
 
 
 9
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470